**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TIFFANY C. MARTIN,

     Plaintiff,

                                Civil Action No. 14-12177

v.

                                HONORABLE DENISE PAGE HOOD

U.S. GOVERNMENT, doing business
as DTE ENERGY, and DTE ENERGY,

     Defendants.
_____/

**ORDER GRANTING APPLICATION TO PROCEED**
**WITHOUT PREPAYING FEES OR COSTS,**
**ORDER OF SUMMARY DISMISSAL,**
**AND FINDING ANY APPEAL FRIVOLOUS**

Before the Court is Plaintiff Tiffany C. Martin's Application to Proceed *In Forma Pauperis.*  A review of Plaintiff's application supports her claim of pauper status.  The Court grants *in forma pauperis* status to proceed without prepayment of the filing fee for this action.  However, for the reasons set forth below, the Court dismisses the Complaint against Defendants.

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous, malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant or defendants who is/are immune from

such relief.  A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding *in forma pauperis*:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2) ... Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997)(overruled on other grounds by *Jones v. Bock,* 549 U.S. 199 (2007)); *Smith v. Bernanke,* 283 Fed. Appx. 356, 357 (6th Cir. Jun. 26, 2008).  Federal courts hold the *pro se* complaint to a "less stringent standard" than those drafted by attorneys.  *Haines v. Kerner*, 404 U.S. 519 (1972).

A liberal reading of Plaintiff's Complaint shows that Plaintiff is seeking to adjust her account with Defendant DTE Energy to reflect a credit and to issue to Plaintiff the credit due.  Plaintiff claims that on May 12, 2014, she tendered payment to DTE in the amount of $5,000 and that it was received by DTE on May 14, 2014.

Plaintiff's new bill on May 31, 2014 did not reflect the adjustment or credit.  Plaintiff

claims DTE violated 31 U.S.C. §§ 392, 5103, 3123, Public Law 73-10, 12 U.S.C. §

1813, 48 Stat. 112 and the Tucker Act.  (Comp., pp. 1-2) Plaintiff's Complaint does

not allege how DTE's failure to adjust her account violates the laws cited by Plaintiff.

Plaintiff's Complaint also does not allege facts as to how Defendant United States of

America violated the laws she cited.  Plaintiff's Complaint also fails to sufficiently

allege any statement as to how this Court has subject matter jurisdiction over the

claims in the Complaint.

The statute, 31 U.S.C. § 392, revised as 31 U.S.C. § 5103, provides the

definition of federal reserve notes as legal tender.  *See, Milam v. United States,* 524

F.2d 629 (9th Cir. 1974); *Jackson v. Fifth Third Bank, Kentucky, Inc.,* 2010 WL

7124775 *1 (W.D. Mich. Dec. 20, 2010). The statute, 31 U.S.C. § 3123 sets forth the

Secretary of Treasury's duty to pay the public debt of the United States Government.

31 U.S.C. § 3123.  Public Law 73-10, identified as 48 Stat. 112, 113 (1933) is a

provision which defines valuation of currency.  *See Johnson v. United States*, 79 Fed.

Cl. 769, 774-75 (Fed. Cl. 2007).  The statute, 12 U.S.C. § 1813, defines a depository

institution which includes any bank or savings association.  *See, Warner v. Federal

Home Loan Mortg. Corp.,* 2013 WL 1281932 *6 (E.D. Mich. Mar. 26, 2013).  The

Tucker Act, 28 U.S.C. §§ 1346(a)(2) and 1491, provides the United States Court of

Federal Claims exclusive jurisdiction over all non-tort claims involving money damages against the United States. *A.E. Finley & Assoc., Inc. v. United States,* 898 F.2d 1165, 1167 (6th Cir. 1990).

Based on the above, the Court finds that Plaintiff's Complaint fails to allege any sufficient facts showing she is entitled to any relief under these laws or that the Court has any subject matter jurisdiction over Plaintiff's claim that she is entitled to an adjustment by DTE. It appears Plaintiff is asserting a form of "bill of exchange" theory which has been alleged by various plaintiffs throughout the country in recent years where an individual purportedly submits a payment to a creditor under various instruments who then seeks a credit to be paid back to the individual either by the creditor or the United States. Courts who have addressed this scheme have rejected those plaintiffs' tender of offers under various instruments, including purported electronic fund transfers, and the "bill of exchange" theory requiring the United States to pay their debts. *See Matchynski v. Ocwen Loan Servicing,* 2014 WL 202625 *4 (S.D. Cal. Jan. 16, 2014).

For the reasons set forth above,

IT IS ORDERED that the Applications to Proceed *In Forma Pauperis* (**Doc. Nos. 2 and 3**) are GRANTED.

IT IS FURTHER ORDERED that the Request for Service by the United States

Marshal **(Doc. No. 3)** is DENIED.

IT IS FURTHER ORDERED that the action is DISMISSED as frivolous under

28 U.S.C. § 1915(e)(2)(B).  Any Appeal of this Order would be frivolous and would

not be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369

U.S. 438, 445 (1962), *McGore*, 114 F.3d at 610-11.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  June 30, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of
record on June 30, 2014, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager